# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1239
LT Case No. 2017-CA-31659

_____

BRIAN A. OLTCHICK and THE
LAW FIRM OF GARRISON, YOUNT,
FORTE & MULCAHY, LLC,

    Appellants,

    v.

TERRY PARENTI and J. MICA
PARENTI,

    Appellees.

_____

On appeal from the Circuit Court for Brevard County.
Dale Curtis Jacobus, Judge.

Michael M. Brownlee, Orlando, and Lindsey Lawton, of The Brownlee Law Firm, P.A., Tallahassee, for Appellants.

Chad A. Barr and Dalton Gray, of the Law Office of Chad A. Barr, P.A., Altamonte Springs, for Appellees.

August 16, 2024

MACIVER, J.

Brian Oltchick and his law firm, Garrison, Yount, Forte & Mulcahy, LLC, appeal an order imposing sanctions entered by the Eighteenth Circuit Court after the court determined that

Oltchick's actions led to a mistrial in a personal injury case. Specifically, the court ordered, *inter alia*, that Oltchick and his firm were responsible for reasonable trial costs and attorney's fees for the mistried case. Additionally, the court ordered Oltchick to send a copy of the order imposing sanctions within forty-five days to every current litigation client that Oltchick had billed his time to and to each insurance carrier that paid Oltchick's firm for work billed by Oltchick within those forty-five days.

Appellants assert five issues warrant reversal. First, that the court abused its discretion by issuing the sanctions because they were not warranted. Second, that the trial court lacked authority to direct Oltchick and his firm to send a copy of the court's order to clients and insurance carriers. Third, that even if the court had authority to direct the order to be sent to clients and insurance carriers, it was an abuse of discretion to do so. Fourth, that the trial court violated appellants' due process rights by imposing sanctions without affording an opportunity to present evidence or call witnesses opposing the sanctions. And fifth, that the trial court erred by imposing sanctions without sufficient findings.

We agree with appellants on issue four. The trial court may not impose sanctions as a punitive measure without first conducting an evidentiary hearing on the issue. We reverse the order on sanctions and remand to the trial court for further proceedings.

This court recognizes that trial courts have inherent and broad sanction authority. While trial courts are admonished to use that authority judiciously, appellants' remaining arguments seek to require this court to create new express parameters regarding that authority. Because our resolution of issue four is dispositive, it is unnecessary for us to do so and so we decline to address the remaining issues at this time.

*Due Process for Imposition of Sanctions*

In *Moakley v. Smallwood*, the Florida Supreme Court held that the imposition of attorney's fees as a sanction for bad faith conduct fell within the inherent authority of the court. 826 So. 2d 221, 226 (Fla. 2002). The court went on to say, "such a sanction is

2

appropriate only after notice and an opportunity to be heard—including the opportunity to present witnesses and other evidence." *Id.* at 227.

Here, after the court pronounced a mistrial and ordered sanctions, Oltchick and the court had a lengthy exchange where Oltchick argued he had misunderstood the court's ruling on the motion *in limine* that provided the basis for the mistrial. The court issued its written order imposing sanctions on February 22, 2023. Appellants filed a Motion for Rehearing and Reconsideration of the Order Imposing Sanctions on March 9th. The court denied the motion on April 9th without a hearing.

Appellees, Terry Parenti and J. Mica Parenti, argue that Oltchick's arguments regarding the motion *in limine* (made before the imposition of sanctions), his contemporaneous discussion with the court immediately following the oral pronouncement of sanctions, and his motion for rehearing sufficiently meet the opportunity to be heard requirement announced in *Moakley*. Appellees further suggest that the need for additional witnesses and testimony is not required where the sanctioned bad faith conduct occurred before the court. We are not persuaded by either argument.

First, the opportunity to be heard regarding the imposition of sanctions is a right to *respond* to the notice of sanctions. Arguments made regarding the subject of the sanctions (here the propriety of the ruling on the motion *in limine*), which are made prior to the imposition of sanctions are not part of the *response* to a sanctions order. Thus, for the sanction here to be appropriate, we would have to hold that appellants' right to respond was sufficiently met by the colloquy immediately following the court's announcement of its intent to impose sanctions or by appellants' motion for rehearing and reconsideration. Neither one nor the combination of the two suffice.

As to the arguments immediately following the court's announcement of its intent to impose sanctions, an opportunity to respond to an order that happens within moments of the order is not a meaningful opportunity to respond within the context of *Moakley*. This court recently held in *Voyles v. Glavin*, 335 So. 3d

200, 204–05 (Fla. 5th DCA 2022), that issues that were presented mere moments before the hearing in which they were to be decided did not comport with the requirements of due process. The same is true here: a response to an announcement of sanctions that is given moments after being put on notice of the intended sanction is not sufficient to satisfy the requirement that a meaningful opportunity to be heard has been met. What's more, *Moakley* expressly requires that the opportunity include "the opportunity to present witnesses and other evidence." 826 So. 2d at 227. Neither contemporaneous argument nor a motion for rehearing and reconsideration (denied without a hearing) meets this requirement.

As to appellees' argument that little might be gained from an evidentiary hearing because the bad faith conduct occurred before the court and only involved Oltchick, it is not for us to decide what evidence might or might not be presented. The Supreme Court has expressly held that right belongs to appellants, and we are not inclined to attempt to narrow their holding.

Because appellants were not afforded an appropriate hearing prior to the imposition of sanctions, we REVERSE the order on sanctions and REMAND to the trial court for further proceedings consistent with this opinion.

EDWARDS, C.J., and BOATWRIGHT, J., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

4